United States District Court
Southern District of Texas
**ENTERED**
July 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-279(SS)-2 |
| | § | |
| TREVOR LYNN WILLIAMS, | § | |
|   Defendant. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Trevor Lynn Williams' Emergency Motion for Compassionate Release from Incarceration. D.E. 271.

### I. BACKGROUND

In 2018, Defendant pled guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He has served roughly 16 months (22%) of his 72-month sentence and has a projected release date of February 23, 2024. He now moves the Court to reduce his sentence to time served and/or order his immediate release to home confinement because he fears contracting COVID-19 while in prison.

Defendant filed an administrative request for compassionate release within the Bureau of Prisons (BOP) based on COVID-19 because he "was diagnosed with pericarditis in the late 1980s." D.E. 271-2, p. 1. His request was denied, however, because: he was not identified as at-risk by the prison Health Services Department; he had a prison disciplinary infraction for possessing a hazardous tool within the last 12 months; he had not served at least 50% of his sentence; and one of his offenses of conviction was a crime of violence. *Id.* at 2.

1

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is—
   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. §

1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

### III. ANALYSIS

Defendant is 52 years old and has served less than one quarter of his sentence. He states that he "is particularly vulnerable to serious illness or death if infected by COVID-19" because he "suffered from pericarditis, an acute inflammation of the heart, in the past" (D.E. 271, p. 2); however, he has offered no evidence that he currently suffers from pericarditis or any other medical condition that would make him particularly vulnerable to severe illness or death should

he contract COVID-19.[1] According to Defendant's Presentence Investigation Report, he reported no physical health problems as of May 2018 (D.E. 172, ¶ 49), and the BOP Health Services Department determined that he is not considered at risk. Even if Defendant was diagnosed with pericarditis more than 30 years ago, "There is no evidence that an individual who has suffered from myocarditis or pericarditis in the past is at higher risk of developing the same complication with COVID-19." *COVID-19 and Heart Patients (Q&A)*, European Society of Cardiology (Apr. 30, 2020), https://www.escardio.org/Education/COVID-19-and-Cardiology/ what-heart-patients-should-know-about-the-coronavirus-covid-19.

Finally, the BOP has not determined that any other extraordinary and compelling reason exists to support Defendant's release, nor has it certified that Defendant poses no danger to the community, that he is at no substantial risk of engaging in criminal conduct if released, or that his release to home detention will result in a substantial net reduction of costs to the Federal Government.

While the Court sympathizes with Defendant's plight, "[t]he Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5.

---

1. According to the Centers for Disease Control and Prevention, "older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." *People Who Are at Higher Risk for Severe Illness*, CDC (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html? These conditions include: chronic lung disease; moderate to severe asthma; serious heart conditions; severe obesity; diabetes; chronic kidney disease; and liver disease. Also at a higher risk are people who are immunocompromised due to cancer treatment; smoking; bone marrow or organ transplantation; immune deficiencies; poorly controlled HIV or AIDS; and prolonged use of corticosteroids and other immune weakening medications. *Id.*

Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release from Incarceration (D.E. 271) is **DENIED**.

It is so **ORDERED** this 29th day of June, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE